Good morning, Your Honors. My name is Charles Medina. I'm representing the petitioner, Mr. Arriola. There are three issues in this case. The first issue is whether Lujan or Nunez-Reyes applies to the petitioner's case. In Nunez-Reyes, the court stated that all those who were convicted prior to the issuance of Nunez-Reyes on July 14, 2011, prior to that date, Lujan would still apply to those cases. It seems to me one of the problems that you have is, is there any federal offense that's equivalent to the state offense of solicitation of cocaine? Equivalent? State, Your Honor? Yes. There is, Your Honor. It's Health and Safety Code 11350.  There is, Your Honor. It's simple possession under the Controlled Substances Act. Well, but this is solicitation, and even though one could argue that that's a less serious crime, it seems to throw you right in the Nunez-Reyes pot. I'll get into that, Your Honor. The applicable case there would be Cardenas, Your Honor. Because in Cardenas, the court stated that if, for example, drug paraphernalia is a lesser offense than simple possession, then the court stated there that the congressional intent would be to include the lesser offense in the Federal First Offender Act. That's our argument in this case, Your Honor. My client was convicted of solicitation under 653F, subsection D. And solicitation, Your Honor, based on People v. Sanchez, that's a California Court of Appeals decision, it stated that solicitation is an inquiet offense. And as an inquiet offense, it is naturally lesser than the completed offense of attempted possession, which is, in turn, an inquiet offense of simple possession. That's what the California courts held about... Nunez-Reyes seems to address this. If there's not an equivalent, you're out of luck. No, Your Honor. Cardenas says that... This is what Cardenas did, Your Honor. The court examined the Federal First Offender Act, and when it saw that the offense there, it's not included in the act, because the act only says that only simple possession is covered under the act. And then the court said that, based on the plain meaning, it appears that the offense is not included, but the court resorted to the rule of statutory interpretation that it would apply the plain meaning of the statute unless the plain meaning would have absurd results. And it found in that case that there was an absurd result because it found that paraphernalia was a lesser offense, and it said that if Cardenas rejected the plea of paraphernalia possession, and he was instead convicted of simple possession, then he would have been eligible for first offender treatment. But that's why the court granted first offender treatment, even if the offense was not exactly simple possession. So that's... By analogy, that's what we're arguing in this case, Your Honor. But how would we know that solicitation is a less serious offense than simple possession? Because, I mean, on granted that the penalty is less serious, and that would seem to be a pretty good indication, right? Yes, Your Honor. But in Nunez-Reyes, the crime of being under the influence had a lesser penalty than simple possession, and we nonetheless said that, no, actually, it's at least as serious, if not a more serious crime. Because in Nunez-Reyes, Your Honor, the court said that the offense are qualitatively different, okay? Because being under the influence is qualitatively different from simple possession. But as an inquiet offense, Your Honor, I believe it's a matter of Beltran. The BIA said that an inquiet offense takes its quality and nature from the substantive offense to which it is directed to. For example, in Beltran, I think it's about whether the attempt would constitute a crime involving moral turpitude, if the substantive offense is a crime involving moral turpitude. The BIA said that it is. The attempt would be a crime involving moral turpitude. So our contention here, Your Honor, is that the solicitation offense here, which, if completed, would lead to attempted possession under Health and Safety Code 11350, and which in turn would lead to simple possession, it's definitely lesser. Because logically speaking, Your Honor, if the completed act is covered under the first offender... Well, do you have a case that says that, that solicitation turns into attempted possession? Yes, Your Honor. And I'll provide the citation later, Your Honor. I'll submit the citation. Well, this is the time to talk about it, so... It's People v. Sanchez, Your Honor. The issue in that case, Your Honor, I think it's whether the offense of solicitation under 653F, if it preempts a conviction for a prosecution for attempted possession, the court in that case said no. But the court also noted in that case that the acts in solicitation are relatively innocuous. Because prior to, I think, 1987, when this section was enacted, it wasn't being punished. So in terms of penalty, Your Honor, and in terms of the nature of the offense, because it's an inchoate offense, definitely it's a lesser offense. So based on Cardenas, Your Honor... Well, let me put it in these terms. I mean, you could have made the same argument, I think, about being under the influence. That doesn't seem that much more... It doesn't seem that different to me from simple possession in terms of the danger that it would pose. And yet what we did in Nunez-Reyes was to hypothesize all sorts of maybe somewhat wild scenarios in which a danger could be posed. And I guess if I'm looking at a solicitation crime, I could do the same thing. I mean, you're right that most of the time it involves pretty innocuous acts. But I can imagine situations where attempting to solicit the purchase of drugs could go badly wrong, and there might be all sorts of danger posed. So how am I supposed to distinguish between those? I think that's the argument of the government here. They're saying that soliciting another to sell a controlled substance, it would lead to a lot of bad things because of the drug trade. But that could be said, Your Honor, the same thing for simple possession, because when you possess something, you possess something through a purchase. And purchase, everything involves a drug trade, Your Honor. So our point is under the influence is definitely different than simple possession because when you're under the influence, you're being altered by the substance that you've ingested. So that's entirely different. They're qualitatively different. It's not an inchoate offense of simple possession. They're definitely different, two separate offenses. But in this case, Your Honor, we're arguing that they're definitely related because it's the inchoate form. It's the incomplete act of attempted possession. I think we have your argument in mind. Do you want to keep any time for rebuttal? It's your time. No, Your Honor, I'm fine. Okay. Well, you have two minutes left. So if you want to use it all, that's fine. Yes, Your Honor. So that's our position, Your Honor. It's a simple solicitation. It's a lesser offense. And under Cardenas, it should be given first offender treatment. And Lujan still applies to the case because he was convicted prior to July 14, 2011. Now, I have to address this, Your Honor, because the government, I understand, is arguing that because my client was convicted before Lujan, therefore, he could not have relied on Lujan. Therefore, he's not – Lujan doesn't apply to him. But I think the decision in Nunez-Reyes is clear. And it expressly says that all those convicted prior to July 14, 2011 are covered by Lujan. And Nunez-Reyes said that the choice of the court, when it chooses to apply a case retroactively or prospectively, it's just pure prospectivity or full retroactivity. It cannot pick and choose among litigants. So if it's – if he falls before the cutoff date, then he's covered, even if he was – even if he could not have relied on Lujan, Your Honor. I can just ask you, why would we give him the benefit of Lujan if he pleaded guilty so many years before that? I guess I don't – as a logical matter, I don't quite understand. I don't see the argument as to why he should get the benefit. Yes, Your Honor, but the Supreme Court, I think in James Beahm Distilling, which was cited by Nunez-Reyes, it said that individual hardships and equities don't matter in this case. They don't matter because it's either pure prospectivity or full retroactivity. And if – assuming he didn't rely when he did the plea, Your Honor, during his proceedings, Your Honor, he also relied on Lujan because I think the – his removal proceedings, he – How can he rely on something that didn't even exist? But during his proceedings, Your Honor, because, for example, he was already convicted. But during his proceedings, if, for example, he didn't – there was absolutely no relief for him, then perhaps he would not have pursued any relief and have – he could have left. Instead, he went through the system. He pursued relief all the way to the board and the Court of Appeals. All right. Unless there's further questions from the panel, your time – you're in overtime. So your time has expired. Thank you. Thank you, counsel. Good morning. Good morning. May it please the Court, Melissa Lott on behalf of the United States Attorney General. The Court should deny the petition for review. The only issue before the Court is whether petitioners' expunged 1992 state conviction for solicitation of the sale of cocaine is eligible for federal First Offender Act treatment, which by its terms is limited to expunged federal convictions for simple possession. In the Ombog decision in Nunez-Reyes, the Court held that it had incorrectly decided in Lujan-Armandares that expunged state convictions for simple possession were eligible for federal First Offender treatment on equal protection grounds. The Nunez-Reyes Court clarified that only expunged federal convictions for simple possession were eligible for First Offender treatment. To the extent that Lujan survives for the narrow range of cases involving expunged state convictions predicated on pleas to simple possession entered prior to the date of Nunez-Reyes, petitioners' non-possession crime does not fall within that narrow exception. So, I mean, arguably under Arizona law, solicitation of cocaine is a misdemeanor while possession of cocaine can be a felony. So why isn't that enough, I think, as counsel for the appellant argues, to make him eligible for FFOA relief? In Nunez-Reyes, the Court made clear that whether it's a misdemeanor or a felony doesn't control because there the Court did not extend federal First Offender treatment to a misdemeanor use or being under the influence of a controlled substance. So while this is a misdemeanor here, that was as well, and it was not afforded First Offender treatment. Maybe you can respond to counsel's reliance on this People v. Sanchez case? Sure. So in that case, the California Court looked at the differences between solicitation and attempted possession, and in the facts of that case, determined which of the two applied. But I don't think that that case stands for the proposition that it's a continuum from solicitation to attempted possession to possession because just solicitation and possession have different elements. So while attempted possession may have the same elements as a possession offense and be a lesser included offense, solicitation is about soliciting another person and to engage in the drug trade. It's not about possession. So just because it might ultimately result in the possession of controlled substances in some instances, that does not make it a lesser included offense. They have distinct elements. Does People v. Sanchez say that solicitation is a lesser offense than attempted possession? It says that it's lesser in the sense of penalty. But not lesser included? But not lesser included. And as far as I'm aware, there's no California case that would say that solicitation is a lesser included offense of possession or of the substantive offense the same way that attempted possession would be. Do you want to respond to appellant's reliance on Cardenas? Yes. Cardenas, the court specifically limited the holding to the facts of that particular case. And it gave federal first offender treatment to a possession of drug paraphernalia offense on the facts of that case. The petitioner had originally been charged with possession of the controlled substance but pled down to possession of drug paraphernalia. So the concern in that case about a potentially absurd result is not implicated here. The petitioner was charged with and pled only to solicitation. Solicitation is not a possession crime like possession of drug paraphernalia was. So just simply put, they just have different elements. We don't appear to have additional questions. It's up to you how you want to use your time. If the court has no further questions, then I would just conclude by saying that petitioner's offense was not a possession crime at all and therefore it does not implicate the Federal First Offender Act. Therefore, the court should decline to extend Lujan Armendariz to the state expungement of petitioner's non-possession conviction because to do so would extend the Federal First Offender Act beyond possession crimes and invite uncertainty into the law. Therefore, the court should deny the petition for review.
judges: Callahan, Watford, Owens